# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Reginald McHaji Edwards,<br><br>Petitioner,<br><br>v.<br><br>Charles L. Ryan, *et al.*,<br><br>Respondents. | No. CV-18-00226-PHX-JJT (JZB)<br><br>**ORDER** |

At issue is the Report and Recommendation (Doc. 12) ("R&R") entered by United States Magistrate Judge John Z. Boyle, recommending that the Court deny and dismiss with prejudice the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) filed in this matter. Petitioner timely filed Objections to the R&R (Doc. 13). Upon consideration of the Petition, Response thereto, Reply, R&R and Objections, the Court will adopt the R&R, overrule the Objections and dismiss the Petition.

Judge Boyle's analysis of each of the seven grounds for relief in the Petition is correct, thorough and exhaustive yet succinct. Grounds One (state court entering "not guilty" plea for Petitioner at the hospital without explaining the elements of the offenses charged and without counsel), Two (Petitioner's pre-trial detention), and Three (Petitioner's shackling for all state court proceedings) are all waived by his subsequent guilty plea pursuant to plea agreement with the state. Moreover, Petitioner can show no prejudice from any of these grounds in any event. His claim of detention and the advice of counsel and the state court all overbearing his will not to plead guilty in Ground Six is

| | |
|---|---|
| 1 | unexhausted and procedurally defaulted because he never raised it at the state court level, |
| 2 | and has thus deprived the state courts from having the opportunity to review and if |
| 3 | necessary remedy the issue, as is required under AEDPA. |
| 4 | The Court finds Petitioner's claim of ineffective assistance of counsel in Ground |
| 5 | Four meritless for the reasons set forth in detail in Judge Boyle's comprehensive analysis. |
| 6 | His actual innocence claim as set forth in Ground Five utterly fails to meet the standard set |
| 7 | forth in *Schlup v. Delo*, 513 U.S. 298 (1995). Finally, as Judge Boyle correctly concluded, |
| 8 | Petitioner's claim that he was incompetent to enter a guilty plea due to his sustaining a |
| 9 | frontal bone fracture three years before entry of the plea in this matter is meritless, as he |
| 10 | now makes this bare allegation with no evidence or even a suggestion as to why the state |
| 11 | trial court should have suspected Petitioner could not understand proceedings, when he |
| 12 | answered all of the court's questions at the change of plea proceeding appropriately and |
| 13 | under oath. |
| 14 | IT IS ORDERED adopting the R&R (Doc. 12) entered by Judge Boyle in whole and |
| 15 | overruling the Objections (Doc. 13) filed by Petitioner. |
| 16 | IT IS FURTHER ORDERED denying and dismissing with prejudice the Petition |
| 17 | for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1). The Clerk of Court shall |
| 18 | enter judgment accordingly and terminate this matter. |
| 19 | IT IS FURTHER ORDERED denying Petitioner a Certificate of Appealability and |
| 20 | leave to proceed in forma pauperis in this matter, because dismissal of this Petition is |
| 21 | justified by a plain procedural bar and reasonable jurists would not find the ruling |
| 22 | debatable; neither has Petitioner made a substantial showing of the denial of a |
| 23 | constitutional right. |
| 24 | Dated this 8th day of March, 2019. |

Honorable John J. Tuchi
United States District Judge